. **MIDDLESEX COUNTY, JANUARY TERM, A. D. 1791.**

BINGHAM V. TULLY.

Where a person receives money by authority from another and pays it over accordingly, the person for whom it is received, is liable for any misapplication.

ERROR to reverse a judgment of the County Court in an action of *assumpsit*, Tully v. Bingham; declaring that on the 2d of August, A. D. 1784 he paid to the defendant £5 lawful money on account of an execution in the hands of Sheriff Whitmore, in favor of the treasurer of the state against him; and in consideration thereof he executed the following receipt, viz. Received, Lyme August 2d, 1784, of Elias Tully, £5 lawful money, which is to be indorsed on an execution in favor of Treasurer Lawrence, in Sheriff Whitmore's hands to collect, as by the sheriff's letter to me, E. Bingham. And that the defendant, in and by virtue of said receipt, promised the plaintiff to indorse said sum of £5 on said execution, in a reasonable time; which he has never done, etc.

The defendant admits his receiving said money and giving said receipt, but says the plaintiff ought to be barred; for that he had good authority from said sheriff to do it, and that soon after, viz. on the 25th of said August, he paid the money over to said Whitmore, upon said execution against the plaintiff, on which was then due about £20; and said sheriff received said money and gave his receipt for it, which he has always stood ready to deliver to the plaintiff.

The plaintiff prayed oyer of said receipt, and recites it in his reply, which is as follows, viz. " Received of A. Stevens £5, Elias Tully £5, of P. Riley £8, amounting in all to £18, all by the hand of E. Bingham, except eighteen shillings deducted for his fees, Norwich, August 25, A. D. 1784; P. Whitmore sheriff." And the plaintiff says that he has paid the whole of said execution and fees to Treasurer Lawrence, exclusive of said £5; and that said sheriff had no other demand upon him except said execution; which said sheriff returned *non est* with his fees indorsed upon it; without that that said Sheriff Whitmore received said sum of the defendant which he received of the plaintiff, all in manner and form etc.

To which reply the defendant demurred — And judgment of the County Court was, that the plaintiff's reply was sufficient.

Error assigned — That the County Court ought to have adjudged said reply insufficient. The judgment of the County Court was reversed.

By the COURT. By the pleadings it appears that Bingham had authority from Sheriff Whitmore to receive the money from the plaintiff, and to give the receipt he did; that he paid the money over to said sheriff, on account of said execution, took his receipt for the benefit of the plaintiff, and ever held it ready for him; which was all that the defendant could do. If the money has not been indorsed or applied to the plaintiff's benefit, Sheriff Whitmore, and not the defendant, is liable.